```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

      v.         Criminal No. 08-50090

**DAVID EUGENE NICKLAS**                                                **DEFENDANT**

### O R D E R

NOW on this 18th day of November 2009, comes on for consideration the **Report and Recommendation** (document #34) of the Honorable Erin L. Setser, United States Magistrate Judge, filed on October 27, 2009, and Defendant David Eugene Nicklas's objections thereto (document #36).

1. The Court, being well and sufficiently advised, finds that Defendant's objections offer neither law nor fact requiring departure from the Report and Recommendation of the Magistrate Judge and the same should be, and it hereby is, adopted *in toto*.

2. In so doing, the Court wishes to specifically address the following objections raised by Defendant:

    \* Defendant argues that there is no reason to forcibly medicate him in the hopes of restoring his competency to stand trial, as the Government's prosecution of him is barred. That is, Defendant says that because he was insane at the time of the alleged offense, the Government is now ethically barred from prosecuting him.

In a report dated February 13, 2009, Dr. Robert Johnson opined that, at the time of the offense, Defendant could not appreciate

the nature, quality, or wrongfulness of his alleged behavior. Thus, Defendant now argues that he lacked the requisite mental intent to commit the charged offense and that all parties agree on this point. As a result, Defendant says that the Government should refrain from prosecuting this matter and forced medication is, therefore, unnecessary.

Having given Defendant's argument on this point due consideration, the Court does not find it persuasive. Whether Defendant was legally sane during the commission of the alleged offense, does not, in the Court's view, diminish the Government's present interest in prosecuting this case and restoring Defendant's competency to stand trial. The charge of threatening to injure Federal Bureau of Investigation agents is a serious offense, for which the Government has a strong interest in prosecuting.

Given Dr. Johnson's opinion that, at the time of the offense, Defendant could not appreciate the nature, quality, or wrongfulness of his alleged behavior, the Court recognizes that this matter may not result in a verdict of guilty. However, pursuant to 18 U.S.C. § 4243, a verdict of not guilty by reason of insanity may result in Defendant's commitment to a medical center until such time as he no longer poses a "substantial risk of bodily injury to another person or serious damage of property of another." 18 U.S.C. § 4243(d). The Court believes that an important Government interest would be served by such a possible result, such that, at the Government's

discretion, Defendant should be brought to trial on the charged offense.

\* Defendant also raises concerns that if he is forcibly medicated and competency is returned -- such that he can stand trial -- Defendant will then be returned to this District to await trial and he will no longer take his medications. Defendant says that if he no longer receives medications while awaiting trial, his delusions will quickly return and he will likely revert to his current mental state.

This is, indeed, a concern. Ideally Defendant can remain in the care of the Federal Medical Center, in Butner, North Carolina, until the time of trial. This would facilitate the continued treatment of Defendant and provide any needed medical oversight. However, as stated by Dr. Newman during the October 22, 2009 hearing, held before Judge Setser, on the issue of forcible medication, the reality is that the Federal Medical Center is over-crowded and it is not usually possible for a defendant to remain there after competency is restored, while such defendant awaits trial. See Doc. 35 at 80.

Moreover, the Court recognizes that whether Defendant will voluntarily remain on his medications once competency is restored is unknown at this time. Defendant has not previously been treated for schizophrenia, and whether he will eventually see the value in such treatment is not yet known.

However, as stated by Dr. Newman, upon a defendant's return to competency and release back to the district where he will stand trial, orders of recommended continued treatment are issued by the Federal Medical Center and continued medication, without the oversight of the medical center, is feasible. See Doc. 35 at 23-24. Assuming Defendant is restored to competency, the Court will review any recommendations as to the continued treatment of Defendant that Dr. Newman and/or the Federal Medical Center may provide, and will then direct the Marshal's Service and the detaining facility to make appropriate provisions for his continued medical care and treatment.

3. The Court finds that the other objections raised by Defendant in his response to the Report and Recommendation were fully addressed in the October 22, 2009 hearing on the issue of forcible medication, the subsequent Report and Recommendation, and the record as a whole.

**IT IS THEREFORE ORDERED** that, for the reasons set forth therein, the Magistrate Judge's **Report and Recommendation** is **adopted *in toto*.** Accordingly, the Court directs that Defendant be forcibly medicated, in order to restore his competency to stand trial, as set forth below:

* The treating medical staff shall be provided with a copy of this Order;

* The medical staff shall medicate Defendant in a manner

consistent with the medication plan outlined in Dr. Newman's report, dated September 29, 2009;

* All medical staff shall first request that Defendant voluntarily take medication before each forced administration of medication;

* If Defendant declines to voluntarily take oral medication within ten (10) days of the date of this Order, for the first administration, and within medically reasonable times thereafter, to achieve the goal of the medical plan for all subsequent administrations, the medical staff is authorized to administer the medication by injection;

* Pursuant to 18 U.S.C. § 4241(d), Defendant's commitment to the medical center shall be continued for a period of up to four (4) months; and

* At the end of this four-month period, or whenever Defendant's competency is restored, if sooner, the medical center shall file a report with the Court detailing the results of treatment, whether Defendant's competency has been restored, and what side effect from the medication, if any, might impact Defendant's ability to assist in his defense.

**IT IS FURTHER ORDERED** that, under the provisions of 18 U.S.C. § 3161(h)(1)(A) and h(4), the delay occasioned by the competency proceedings, hospitalization, and treatment of Defendant is excluded for speedy trial purposes.

**IT IS FURTHER ORDERED** that, because an order directing forced medication is immediately appealable, this Order and the forced medication of Defendant shall be immediately stayed upon the filing of a notice of appeal by Defendant. See Sell v. United States, 539 U.S. 166, 177, 123 S.Ct. 2174 (2003).  If an appeal is taken by Defendant, this stay will remain in effect until resolution of such appeal.

**IT IS SO ORDERED.**

> **/s/ Jimm Larry Hendren**
> **JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**